**RECORD NO. 14-4425**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ANDRE QUINN BROWN,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO

**OPENING BRIEF OF APPELLANT
ANDRE QUINN BROWN**

Paul Camarena
NORTH & SEDGWICK, LLC
No. 132
500 South Clinton Street
Chicago, IL 60607
(312) 493-7494 Telephone
paulcamarena@paulcamarena.com

*Counsel for Appellant*

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia  23219 (804) 644-0477
A Division of Lantagne Duplicating Services

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................ii

JURISDICTIONAL STATEMENT ....................................................................... 1

STATEMENT OF THE ISSUE ............................................................................... 2

STATEMENT OF THE CASE ................................................................................ 2

STATEMENT OF THE FACTS .............................................................................. 3

ARGUMENT SUMMARY ...................................................................................... 5

ARGUMENT ............................................................................................................ 5

    A special condition that prohibits wearing clothing that has any gang significance is overly vague ..................................................... 5

        A.    Standard of Review ........................................................ 5
        B.    Argument ........................................................................ 6

            Legal Authorities on Special Conditions ....................... 6
            Special Condition in the Instant Case ........................... 9

CONCLUSION ....................................................................................................... 13

CERTIFICATE OF COMPLIANCE ..................................................................... 14

CERTIFICATE OF FILING AND SERVICE ....................................................... 15

# TABLE OF AUTHORITIES

## CASES
Page

*Chalifoux v. New Caney School District,*
    976 F. Supp. 659 (S.D.Tex. 1997) ...................................................... 11

*City of Harvard v. Gaut,*
    660 N.E.2d 259 (2nd Dist. 1996) ......................................................... 11

*Connally v. General Construction Co.,*
    269 U.S. 385, 46 S. Ct. 126, 70 L. Ed. 322 (1926) .......................... 6, 7

*Stephenson v. Davenport School District,*
    110 F.3d 1303 (8th Cir. 1997) ............................................................ 11

*United States v. Brown,*
    436 Fed.Appx. 765, 2011 U.S.App.Lexis 11641 (9th Cir. 2011) .... 8, 9

*United States v. Deraimo,*
    1998 U.S. App. LEXIS 26904 (4th Cir. 1998) ..................................... 7

*United States v. Emmons,*
    524 Fed.Appx. 995 (6th Cir. 2013) .................................................... 12

*United States v. Green,*
    618 F.3d 120 (2d Cir. 2010) ............................................................ 7, 8

*United States v. Lanier,*
    520 U.S. 259, 117 S. Ct. 1219, 137 L. Ed. 2d 432 (1997) ................... 7

*United States v. Miller,*
    341 Fed.Appx. 931 (4th Cir. 2009) ...................................................... 5

*United States v. Soltero,*
    510 F.3d 858 (9th Cir. 2007) ........................................................... 8, 9

## **STATUTES**

18 U.S.C. § 922(g)(1) ................................................................................................ 1
18 U.S.C. § 924(e) .................................................................................................... 1
18 U.S.C. § 3231 ....................................................................................................... 1
18 U.S.C. § 3742(a) .................................................................................................. 1
28 U.S.C. § 1291 ....................................................................................................... 1
28 U.S.C. § 1294(1) .................................................................................................. 1

## **RULES**

Fed. R. App. P. 4(b)(1)(A)(i) .................................................................................... 1

OTHER AUTHORITIES

Alex Kozinski, 9th Cir. C.J., "Trademarks Unplugged," 68
    N.Y.U.L. REV. 960, n53 (1993) ........................................................................ 12

# STATEMENT OF JURISDICTION

Pursuant to Title 18 of the United States Code, Section 3231, the United States District Court for the Middle District of North Carolina had jurisdiction over controversies involving, *inter alia*, 18 U.S.C. §§ 922(g)(1) and 924(e).  On September 30, 2013, a Middle District of North Carolina grand jury charged Mr. Brown with violating these statutes[1], on December 11, 2013, Mr. Brown pleaded guilty[2], and, on May 13, 2014, the District Court entered its final Judgment[3].

Pursuant to 18 U.S.C. § 3742(a), 28 U.S.C. §§ 1291 and 1294(1), and Federal Rule of Appellate Procedure 4(b)(1)(A)(i), the United States Court of Appeals for the Fourth Circuit has jurisdiction over the parties' timely appeals from the District Court's final decisions.  On May 27, 2014, Mr. Brown timely filed his Notice of Appeal[4].

---

[1] District court docket entry record number ("R.") JA 6.

[2] District court docket entry of 12/11/2013, JA 7-12.

[3] R. 17, JA 33-38.

[4] R. 19, JA 39-40.

## STATEMENT OF THE ISSUE

Whether a supervised release condition that prohibits wearing clothing that has "any gang or security threat group significance" is overly vague.

## STATEMENT OF THE CASE

Although the record indicates that Mr. Brown had been a member only of the "United Blood Nation" street gang[5], the Probation Officer recommended a special condition that Mr. Brown not associate with any gang members and that Mr. Brown not wear clothes that have any gang significance[6]. At the Sentencing Hearing, the District Court stated that the Court had previously failed to notice that recommendation and then ordered Mr. Brown to not associate with any gang members[7], and Mr. Brown did not object. However, the District Court's written Judgment contains a special condition that Mr. Brown not associate with any gang members as well as to not wear clothing that has any gang significance[8].

---

[5]  Presentence Investigation Report, p. 10, JA 50 ¶ 36.

[6]  03/16/14 Sentencing Recommendation, p. 3, JA 58 ¶ 5.

[7]  04/24/14 Sentencing Hearing Transcripts, p. 17, JA 29 ln. 2 – 5.

[8]  R. 17, p. 4, JA 33-38.

## STATEMENT OF THE FACTS

The record states that Mr. Brown had been a member only of the "United Blood Nation" street gang[9]. Mr. Brown's membership in this street gang ultimately resulted in his criminal history status as an "armed career criminal" and in his participation in the instant offense[10].

After Mr. Brown pleaded guilty to the instant offense, the Probation Officer recommended special conditions that Mr. Brown participate in a mental health treatment program and that he submit "any property under his control to a warrantless search[11]." At the Sentencing Hearing, the district court stated that the court was imposing the special conditions of "mental health treatment, and warrantless searches, all as more specifically set forth in the probation officer's recommendation[12]."

The Probation Officer also recommended a special condition that Mr. Brown "not associate with or be in the company of any gang

---

[9] Presentence Investigation Report, p. 10, JA 50 ¶ 36.

[10] 04/24/14 Sentencing Hearing Transcripts, p. 6, JA 18 ln. 23 – p. 7, JA 19 ln. 18 and p. 11, JA 23 ln. 18 – 21; P.S.I., p. 8, JA 48¶ 2

[11] 03/06/14 Sentencing Recommendation, p. 2, JA 57 ¶¶ 3 – 4.

[12] 04/24/14 Sent. Hear. Trans., p. 15, JA 27 ln. 23 – p. 16, JA 28 ln. 3.

member" and that Mr. Brown not "wear, display, use or possess any clothing or accessories which have any gang or security threat group significance[13]." At the Sentencing Hearing, the district court stated that the court previously failed to notice that recommendation and then ordered Mr. Brown to "not associate with any gang members[14]," and Mr. Brown did not object.

Three weeks later, the district court entered its written Judgment, which included for the first time a special condition that Mr. Brown "not wear, display, use or possess any clothing or accessories which have any gang or security threat group significance[15]." Mr. Brown then appealed to this Honorable Court for relief[16].

## ARGUMENT SUMMARY

Our country is home to multiple different street gangs and they have adopted symbols ranging from the Western Division Houston

---

[13] Sentencing Recommendation, p. 3, JA 58 ¶ 5.

[14] 04/24/14 Sent.Hear.Trans., p. 17, JA 29 ln. 2 – 5.

[15] R. 17, p. 4, JA 36.

[16] R. 19, JA 39-40.

- 4 -

Astros uniform to the Central Division Kansas City Royals mascot and from the Jewish star to the Christian cross.  However, a supervised release special condition prohibits Mr. Brown to wear cloths "which have any gang or security threat group significance."  Because Mr. Brown will only be able to guess whether this prohibition applies to his daily cloths, the special condition violates the Due Process clause.

## **ARGUMENT**

> **A special condition that prohibits wearing clothing that has any gang significance is overly vague.**

### A.   Standard of Review.

"This court generally reviews special conditions of supervised release for an abuse of discretion.  To the extent the contested special condition was imposed by the court during its oral pronouncement at sentencing [and the defendant] did not object to the imposition of the special condition at that time, this court reviews for plain error[17]."

Mr. Brown is respectfully challenging only the special condition directing him to "not wear, display, use or possess any clothing or

---

[17] *United States v. Miller*, 341 Fed.Appx. 931, *932; 2009 U.S.App.Lexis 19406 (4th Cir. 2009) (citation omitted).

accessories which have any gang or security threat group significance[18]," and the only special condition pertaining to street gangs that was specifically pronounced by the district court during its oral pronouncement directed Mr. Brown to "not associate with any gang members[19]." Thus, Mr. Brown would submit that this Honorable Court's review is for abuse of discretion.

B.   Argument.

Legal Authorities on Special Conditions.

The United States Constitution, Amendment V, provides that no person shall be deprived of liberty without due process of law, and the Supreme Court has held that a prohibition that "forbids [ ] the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." *Connally v. General Constr. Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926); *United States v. Lanier*, 520 U.S. 259, 266, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997).

---

[18] R. 17, p. 4, JA 36.

[19] 04/24/14 Sentencing Hearing Transcripts, p. 17, JA 29 ln. 4 – 5.

Thus, Courts of Appeals have readily vacated supervised release conditions that were overly vague, *e.g.*, *United States v. Deraimo*, 1998 U.S.App.Lexis 26904 (4th Cir. 1998), and appellate panels have consistently vacated supervised release conditions prohibiting the possession of clothing having just general "gang" significance.

For example, in *United States v. Green*, 618 F.3d 120, 124 (2d Cir. 2010), a supervision condition prohibited "the 'wearing of colors, insignia, or obtaining tattoos or burn marks (including branding and scars) relative to criminal street gangs.'" The Court of Appeals noted that "the condition of supervised release at issue here contains no limiting list of the colors or insignia that are typically associated with any particular gangs," and the Court mentioned that the "Police Department's explanation of gang colors and clothing includes white T-shirts, blue or black or a combination of the two, red, green, black, brown and purple." *Id*. The Court held that "people of ordinary intelligence would be unable to confidently comply with this condition" and "f[ound] that the condition against wearing ***gang related clothing*** is impermissibly vague." *Id.* (emphasis added). *See also*, *United States v. Robinson*, Fed.Appx. 103, *108; 2011 U.S.App.Lexis 13730 (2nd Cir.

2011) (when condition prohibited "wearing colors or insignia, or obtaining tattoos or burn marks, of the Jungle Junkies street gang or ***<u>any other criminal street gang</u>***," the Court of Appeals held that "that part relating to 'any other' gang is unconstitutionally vague") (emphasis added).

By contrast, appellate panels have consistently upheld supervision conditions prohibiting the possession of clothing having significance to one particular gang. For example, in *United States v. Soltero*, 510 F.3d 858, 865 (9th Cir. 2007), special conditions prohibited the defendant to "wear, display, use or possess any insignia, emblem, button, badge, cap, hat, scarf, bandana, jewelry, paraphernalia, or any article of clothing which may connote affiliation with, or membership in the Delhi gang." The Court of Appeals held that the special conditions "are not impermissibly vague because they specifically reference the 'Delhi gang,' and the district court is entitled to presume that Soltero--who has admitted to being a member of this gang--is familiar with the Delhi gang's members, its places of gathering, and its paraphernalia." *Id*. at 866. *See also*, *United States v. Brown*, 436 Fed.Appx. 765, *766; 2011

U.S.App.Lexis 11641 (9th Cir. 2011) ("conditions of Brown's supervised release relating to associating with known members of the **<u>Athens Park Bloods gang</u>**, knowingly wearing, displaying, using or possessing clothing and other items affiliated with the gang, and being present in locations the gang is known to assemble, are not vague or overbroad") (emphasis added).

Special Condition in the Instant Case.

When Mr. Brown was 18 years old, he became involved with the "United Blood Nation" street gang[20], and his involvement with this gang resulted in his instant offense[21]. On March 6, 2014, the Probation Officer recommended a special condition that Mr. Brown "not associate with or be in the company of any gang member" and not "wear, display, use or possess any clothing or accessories which have any gang or security threat group

---

[20] Presentence Investigation Report, p. 10, JA 50 ¶ 36.
[21] 04/24/14 Sentencing Hearing Transcripts, p. 11, JA 23 ln. 18 – 21:
 Defense Counsel:   that decision to join the gang continues to – in fact, causes him to be -- well, contributes to his decision, that causes him to be before this Court

significance[22]." During the April 24, 2014 Sentencing Hearing, the Probation Officer inquired whether the district court was imposing this special condition, and the district court stated only, "Yeah. Not associate with any gang members[23]." Mr. Brown did not object.

Three weeks later, the district court entered its written Judgment, which included for the first time the special condition that Mr. Brown "not wear, display, use or possess any clothing or accessories which have any gang or security threat group significance[24]." Mr. Brown concedes that legal authorities and the record would amply support a special condition that he not wear clothing that has "United Blood Nation" gang significance. However, Mr. Brown submits that the district court abused its discretion in imposing the condition that he not wear clothing that has "any gang or security threat group significance" because this condition is so vague that people of common intelligence will differ as to its application.

---

[22] 03/06/14 Sentencing Recommendation, p. 3, JA 58 ¶ 5.

[23] 04/24/14 Sent. Hear. Trans., p. 16, JA 28 ln. 25 – p. 17, JA 29 ln. 5.

[24] R. 17, p. 4, JA 36.

For example, "walking down the street with one shoelace untied can be a gang symbol" or can result from simple sloppiness. *City of Harvard v. Gaut*, 660 N.E.2d 259, 261 (2nd Dist. 1996). "What is innocent today may become a gang symbol tomorrow." *City of Harvard v. Gaut*, 660 N.E.2d 259, 263 (Court of Appeals holding that legislation which prohibited persons "to wear known gang colors, emblems, or other insignia" was unconstitutional). Thus, wearing "overalls with one strap unfastened" has apparently become a gang symbol. *Chalifoux v. New Caney School District*, 976 F.Supp. 659, 664 (S.D.Tex. 1997) ("prohibition on gang-related apparel is void for vagueness"). Even displaying the Christian cross may be considered a gang symbol. *Stephenson v. Davenport School District*, 110 F.3d 1303, 1308 (8th Cir. 1997)("Appellees believe it is a gang symbol [but] a significant portion of the world's population, however, views it as a representation of their Christian religious faith. … Accordingly, the District regulation violates the central purposes of the vagueness doctrine.").

Further, "inner-city gangs sometimes show their allegiances via sports clothing. For example, a blue Kansas City Royals hat with 'KC' apparently stands for 'Kitchen Crips,' while a Houston Astros hat identifies the 'Hoover Street Crips.' Tragically, in fact, innocent bystanders have been injured and even killed for unwittingly wearing the wrong clothing."

9th Cir. C.J., Alex Kozinski, "Trademarks Unplugged," 68 N.Y.U.L. REV. 960, n53 (1993) (citations omitted).

As a sister Court of Appeals stated, a "district court plainly err[s] by not explaining why it imposed the chosen conditions of supervised release. That error affect[s a defendant]'s substantial rights as well as the fairness, integrity, and public reputation of his sentencing proceedings because the district court might have selected less restrictive conditions had it fully considered and articulated on the record the reasons for its decision[25]." In the instant case, the district court never explained any reason for imposing the supervised release condition that Mr. Brown not wear any clothing which has "any gang or

---

[25] *United States v. Emmons*, 524 Fed.Appx. 995, *1000; 2013 U.S.App.Lexis 9866 (6th Cir. 2013) (internal citations omitted).

security threat group significance."  Thus, this special condition could not even withstand plain error review.  *See also*, *United States v. Robinson*, Fed.Appx. 103, *108; 2011 U.S.App.Lexis 13730 (applying even plain error standard, special condition "relating to 'any other' gang is unconstitutionally vague").

## CONCLUSION

WHEREFORE, Mr. Brown respectfully prays that this Honorable Court will hold that the special condition that prohibits him to wear clothing that has "any" gang significance is unconstitutionally vague and that this Honorable Court will strike that condition.

Respectfully submitted,

/s/ Paúl Camarena                              .
Paúl Camarena, Esq.
North & Sedgwick, LLC
500 So. Clinton St., No. 132
Chicago, IL 60607
PaulCamarena@northandsedgwicklaw.com
(312) 493-7494
(312) 602-4945 (facsimile)
Appellant's, Andre Brown's, Counsel

# **CERTIFICATE OF COMPLIANCE**

I hereby certify that:

1. This brief has been prepared using a proportionally spaced serif typeface, Century Schoolbook, 14 point font using Microsoft Word.

2. Exclusive of: table of contents; table of authorities; any addendum containing statutes, rules, or regulations; and the certificate of service this brief contains 2,233 words.

3. I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and/or copy of the word or line printout.

                            Appellant's, Andre Brown's, Counsel
                            /s/ Paúl Camarena                              .
                            Paúl Camarena, Esq.

                            North & Sedgwick, LLC
                            500 So. Clinton St., No. 132
                            Chicago, IL 60607
                            PaulCamarena@northandsedgwicklaw.com
                            (312) 493-7494
                            (312) 602-4945 (facsimile)

# CERTIFICATE OF SERVICE

I declare under penalty of perjury that the following is true and correct:

On the 3rd day of November, 2014, I electronically filed the foregoing OPENING BRIEF OF APPELLANT with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic filing to all counsel of record as follows:

Robert A.J. Lang
Assistant U. S. Atto0rney
Office of the United States Attorney
251 North Main Street, Suite 726
Winston-Salem, NC 27101
Rob.lang@usdoj.g0ov

Counsel for Appellee

/s/ Paúl Camarena                    .
Paúl Camarena, Esq.

North & Sedgwick, LLC
500 So. Clinton St., No. 132
Chicago, IL 60607
PaulCamarena@northandsedgwicklaw.com
(312) 493-7494
(312) 602-4945 (facsimile)
Appellant's, Andre Brown's, Counsel